JUDGE LINDSAY
delivered the opinion oe the court.
We are inclined to the opinion that the pleadings authorize the conclusion that the contract sued on (if it was ever made) binds these defendants, although executed by Bowler alone.
We also conclude that the diversity of statement by appellee’s witnesses, as to whether the contract was in writing, as alleged, or merely oral, was a matter to be considered by the jury, and that this court is not authorized by reason of such fact to reverse the judgment upon the idea that appellee wholly failed to make out his case, and that a peremptory instruction to find against him might have been properly given.
We do not, however, agree with the circuit court as to the measure of damages. Appellee was not entitled to recover for damages that had not accrued at the time of the trial.
The contract declared on will admit of an indefinite number of actions in case the alleged breach shall be continued.
Appellee alleges that appellants “promised and agreed to keep said switch or spur in good repair, and that they would when requested” furnish cars and transport the stock, products, and commodities of Hinkston to market, etc. The breach of this undertaking is charged to be the removal of the switch, and the refusal by appellants to make any provision for the transportation of appellee’s stock, commodities, etc.
It is evident that the damages sustained, if any, result not from the removal of the switch, but from the failure to replace it at proper times to accommodate Hinkston in the shipment to market of his stock, etc. The failure of appellants to keep this agreement up to the trial of this action does not entitle Hinkston to recover for like failures for all time to come.
Appellants may, as they will have the undoubted right to *285 do in ease the alleged contract is sustained, replace the switch, and afford Hinkston the accommodation to which he claims to be entitled.
Besides this, while the damages for past breaches may be ascertained with a reasonable degree of certainty, it is absolutely impossible to form any estimate whatever as to what they will be in the future, and this of itself is a sufficient reason to restrict the recovery as heretofore indicated.
As the instructions given at appellee’s instance are in conflict with these conclusions, the judgment must be reversed. A new trial will b,e had upon principles not inconsistent with this opinion.